UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1084 JCH |
| ) | |
| JEREMIAH W. (JAY) NIXON, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Michael West's ("Petitioner") pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

## **BACKGROUND**

On or around June 5, 2007, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody with the Court. (Doc. No. 1). Plaintiff's Petition is related to his plea of guilty to two counts of driving while suspended in State v. West, Cause No. 0511-CR05190, in St. Charles County, Missouri state court. As part of his grounds for relief, Petitioner alleges claims of state and prosecutorial misconduct, ineffective assistance of counsel and cruel and unusual punishment. (Application for Writ of Habeas Corpus, Doc. No. 1-2).

Petitioner pled guilty on March 27, 2006 in State v. Michael West, 0511-CR05190 (St. Charles County Circuit Court). (Respondent's Exhibit A). Petitioner, who was represented by counsel, signed a waiver of rights prior to pleading guilty in cause no. 0511-CR05190. (Respondent's Exhibit I). Petitioner pled guilty to the offense of "no valid operators license, a class A misdemeanor." (Respondent's Exhibit A). Petitioner was sentenced to a suspended execution of

sentence of fifteen (15) days in jail, with said jail sentence to run concurrently with his sentence in cause no. 0511CR05439. Id. As a special condition to Petitioner's probation, Petitioner was to obtain a "valid license within 6 months." Id. Petitioner did not appeal his sentence. (Respondent's Exhibit B). On March 19, 2007, the court suspended Petitioner's probation and issued a warrant for his arrest. (Respondent's Exhibits D, E). On or around May 4, 2007, Petitioner filed a writ of habeas corpus in the Missouri Supreme Court (Case No. SC88505). (Respondent's Exhibit G; § 2254 Petition, Doc. No. 1, p. 3). On May 29, 2007, the Missouri Supreme Court issued a summary denial of Petitioner's habeas corpus petition in Case No. SC88505. (Respondent's Exhibit H; § 2254 Petition, p. 3). As stated, Petitioner filed his § 2254 Petition on or around June 4, 2007. (Doc. No. 1).

## DISCUSSION

A.  **Petitioner's Claims under 28 U.S.C. § 2254 Fail Because His § 2254 Petition is Untimely.**

   1.  **Petitioner's § 2254 Petition is Untimely**.

Petitioner purports to file a petition for habeas corpus under 28 U.S.C. § 2254 related to claims of state and prosecutorial misconduct, ineffective assistance of counsel and cruel and unusual punishment. Because his § 2254 petition is untimely, this Court must deny Petitioner's claim.

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 requires a state prisoner seeking federal habeas corpus relief to file a petition for federal habeas relief within one year after a state conviction becomes final. 28 U.S.C. § 2244(d)(1). The limitations period begins on the latest of four dates, including the date relevant here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Petitioner pled guilty on March 26, 2006 (Respondent's Exhibit A). Under Missouri law, a criminal conviction is final on the date the sentence is entered, and a defendant has ten days from the date of sentencing to appeal the conviction. Mo.S.Ct.R. 30.01(d). Petitioner did not appeal his conviction and it became final on April 5, 2006. (Respondent's Exhibits A, B). Petitioner, however, did not file his habeas corpus petition until on or around June 4, 2007. Thus, Petitioner's § 2254 Petition is untimely. See 28 U.S.C. § 2244(d)(1).

**2.      The One-Year Limitations Period is Not Subject to Any Tolling.**

Petitioner's claim is also not subject to any tolling that would make his Petition timely. "Under 28 U.S.C. § 2244(d)(2), this [one-year] limitation period does not include the time during which a properly filed application for state collateral review is 'pending' in the state courts." Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006). "The one-year limitation is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Bishop v. Dormire, 526 F.3d 382, 383 (8th Cir. 2008) (citing 28 U.S.C. § 2244(d)(2); Runyan v. Burt, 521 F.3d 942, 944 (8th Cir. 2008)).

Petitioner's § 2254 is not made timely by any statutory tolling as a result of his habeas corpus petition to the Missouri Supreme Court. Here, Petitioner filed his habeas corpus petition with the Missouri Supreme Court on or around May 4, 2007. (Respondent's Exhibit G). The Missouri Supreme Court denied the petition on May 29, 2007. (Respondent's Exhibit H). As previously noted, Petitioner was required to file his § 2254 Petition within the one year statute of limitations, i.e., prior to April 5, 2007, absent any tolling. As Petitioner did not file his habeas corpus petition with the Missouri Supreme Court until after the expiration of the statute of limitations for prior to April 5, 2007, Petitioner's habeas corpus filing in the Missouri Supreme Court had no tolling effect on his § 2254 Petition. Thus, Petitioner's § 2254 Petition is untimely and must be denied. See Mims v.

Gammon, No. 4:05-CV-1202, 2008 U.S. Dist. LEXIS 13579, *4-5 (E.D. Mo. Feb. 22, 2008) (habeas corpus petition untimely where petitioner did not file his first post-conviction motion until more than a year after his one year time limit began to run).

Because Petitioner filed his habeas petition over two months past the required date for a timely petition, the appeal is untimely and the Court is barred from reviewing it on the merits. The relief requested in Petitioner's § 2254 Petition is, therefore, denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claim is **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 19th day of December, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE